| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

JAMES WILSON,

                            Petitioner,

    – against –

UNITED STATES OF AMERICA,

                            Respondent.

**MEMORANDUM & ORDER**

07-CV-04900 (ERK)

KORMAN, *J.*:

    I assume familiarity with the underlying facts and procedural history of this case. Petitioner raises three issues. I address them *seriatum*.

1. Petitioner alleges that his attorney assured him that a plea of guilty would "result in a sentence between 57 to 71 months." This "assurance"—assuming it was given—was based on an erroneous calculation of the Sentencing Guidelines. Indeed, as calculated by the Probation Department, the Sentencing Guidelines' range was 188 to 235 months. This claim does not provide a basis for relief for several reasons. First, the district judge specifically advised petitioner during the plea allocution that the lower guideline range was "an estimate, and not binding on me. And the fact is that if I come up with a different estimate you will not be entitled to withdraw your plea." Nevertheless, petitioner plead guilty after receiving this warning. Moreover, after the PSR calculated the higher guideline range, petitioner's counsel sought and obtained a Fatico hearing to challenge the "relevant conduct" that caused the increase in the Sentencing Guidelines range. Finally, petitioner does not allege that if he had been apprised of the correct guideline range, he would not have plead guilty. Indeed, the

evidence against him was so overwhelming, including a videotape of the drug sale to which he plead guilty, that a conviction would have been assured had he not plead guilty and the Guideline range would have been 262 to 267 months because he would not have received a three-level reduction for acceptance of responsibility. This would have been dictated by a total offense level of 34 Criminal History Category 6, instead of a total offense level of 31.

2. Petitioner argues that he received ineffective assistance of counsel on direct appeal. This argument is undeveloped in the petition and for this reason alone cannot provide a basis for relief.

3. Petitioner's claim that he is actually innocent is frivolous in light of his plea of guilty and the factual basis for his plea, which is set out on pages 11-12 of the plea minutes of February 22, 2005.

These considerations aside, the petition is also untimely. Petitioner did not respond to the letter of the United States Attorney dated October 14, 2014, stating that it did not intend to waive the defense of the statute of limitations, and arguing that, for this reason alone, the petition should be denied.

### III. CONCLUSION

The petition is denied. I also deny a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
December 12, 2014

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge